**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

TAMBLE TAYLOR,

                Plaintiff-Appellant,

    v.

LOWE'S CORPORATION, a North
Carolina Corporation, doing business in
Washington,

                Defendant-Appellee.

No.   20-35345

D.C. No. 3:18-cv-05622-RJB

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Robert J. Bryan, District Judge, Presiding

Submitted July 6, 2021[**]
Seattle, Washington

Before: HAWKINS, CLIFTON, and IKUTA, Circuit Judges.

---

      [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

      [**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Tamble Taylor appeals the district court's order granting summary judgment in favor of Lowe's Corporation. We have jurisdiction under 28 U.S.C. § 1291, and we affirm in part and dismiss in part.

Lowe's is entitled to summary judgment on Taylor's claims that Lowe's discriminated against him on the basis of race and age under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1); the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 623(a)(1); and the Washington Law Against Discrimination (WLAD), Wash. Rev. Code § 49.60.180(2), in terminating his employment. Even assuming Taylor established a prima facie case of discrimination, Lowe's proffered a legitimate, nondiscriminatory reason for firing him: he committed a Class A violation of company policy. *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1281 (9th Cir. 2000). Taylor has not pointed to "specific and substantial" circumstantial evidence raising a genuine issue of material fact that this proffered reason is pretext for discrimination. *Brown v. City of Tucson*, 336 F.3d 1181, 1188 (9th Cir. 2003) (cleaned up).

Lowe's is entitled to summary judgment on Taylor's claim for wrongful discharge in violation of public policy (WDVPP). *See Rose v. Anderson Hay & Grain Co.*, 358 P.3d 1139, 1143 (Wash. 2015). Taylor stated in his deposition that he did not make a complaint to Lowe's regarding its failure to interview him for a

delivery manager position; nor did he complain that this failure was due to discrimination on the basis of race or age. Accordingly, even assuming the WDVPP claim is not waived, Taylor failed to raise a genuine issue of material fact that his making a report of discrimination was a significant factor in Lowe's decision to terminate him. *See Martin v. Gonzaga Univ.*, 425 P.3d 837, 844 (Wash. 2018).

Lowe's is entitled to summary judgment on Taylor's race and age discrimination claim under Title VII, the ADEA, and the WLAD, concerning Lowe's decision not to hire him as a delivery manager. Even assuming Taylor included this claim in his federal complaint and did not waive it, Taylor's Title VII and ADEA claims are unexhausted, because Taylor did not mention these claims in his Washington State Human Rights Commission (WSHRC) complaint, and thus did not mention them in his Equal Employment Opportunity Commission complaint, *Sanchez v. Pac. Powder Co.*, 147 F.3d 1097, 1099 (9th Cir. 1998), which was necessary for purposes of exhaustion, *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1099 (9th Cir. 2002), *as amended* (Feb. 20, 2002); 29 U.S.C. § 626(d)(1)(B); 42 U.S.C. § 2000e-5(e)(1). Any WLAD claim was untimely, because Taylor filed his federal complaint in August 2018, more than three years

after Lowe's failed to interview him for the delivery manager position in July 2015.  *See* Wash. Rev. Code § 4.16.080(2).

Lowe's is entitled to summary judgment on Taylor's retaliation claim because, even assuming Taylor included this claim in his federal complaint, Taylor failed to raise it in his WSHRC complaint, and thus failed to exhaust it.  42 U.S.C. § 2000e-5(e)(1); 29 U.S.C.§ 626(d)(1); *Sanchez*, 147 F.3d at 1099.

The remaining claims raised in Taylor's opening brief on appeal were not raised to the district court and rely on evidence that was not before the district court.  We dismiss these waived claims.[1]

**AFFIRMED IN PART, DISMISSED IN PART.**[2]

---

[1] We remind Taylor's counsel that, "save in unusual circumstances, we consider only the district court record on appeal." *Lowry v. Barnhart*, 329 F.3d 1019, 1024 (9th Cir. 2003) (cleaned up); *see also* Fed. R. App. P. 10(a).

[2] Taylor's Request for the Court to Take Judicial Notice, Dkt. No. 19, is GRANTED.